EDITH D. RENT, Admx. *vs.* PORTLAND CANDY COMPANY.

Cumberland.    Opinion November 22, 1922.

*Evidence of negligence of defendant held to be abundantly sufficient to sustain the verdict*
*in favor of plaintiff.    Exceptions cannot be sustained unless it affirmatively*
*appears that the excepting party has been thereby prejudiced.*

In the instant case there was clearly sufficient evidence to warrant the jury in finding the defendant's servant negligent. But the plaintiff's intestate was also negligent. He was negligent in jumping from a moving trolley car. He was negligent in crossing a street directly in front of a rapidly-moving automobile. But when he was struck he had safely passed these perils and had reached the grass ground on the opposite side of the street beyond the part of the road devoted to travel by vehicles. The automobile swerved to its left and fatally injured the plaintiff's intestate when he had reached a point outside the travelled way.

The defendant says that this was due not to his negligence, but to his care. He was trying, he says, to save the intestate from the consequences of his own negligence by going around him. But the jury may have found that the accident was due to the defendant's recklessness in trying to make a curve in the road without slackening speed; not to solicitude for the safety of one traveller but indifference to the safety to all.

Defendant excepted to a ruling of the presiding Justice, not because the ruling was erroneous, but because without further explanation it was misleading. But even if the instructions were misleading, or even erroneous, exceptions cannot be sustained unless it affimatively appears that the excepting party had been thereby prejudiced.

The defendant complains that the instructions unexplained may have misled the jury as to the duty of an automobile driver who sees that an approaching electric car is slowing down to make a stop. But the defendant emphatically denied that he saw the electric car slowing down. No explanation was necessary to adapt the instruction to the evidence.

To hold that the omission to explain was prejudicial and thus exceptionable we must find that the jury not only misunderstood the law, but also disregarded the evidence. That the jury went so far astray we cannot assume.

On exceptions and motion for a new trial. This is an action of tort for personal injuries brought by plaintiff as administratrix. The general issue was pleaded and also under a brief statement contributory negligence was set up. The plaintiff's intestate was a

passenger on an electric car running from Yarmouth to Portland. Francis P. Duffy, agent of defendant corporation, was driving an automobile truck from Portland to Yarmouth. As the electric car reached a position nearly opposite the residence of Dennis B. Hamilton in the town of Cumberland, and was slowing down to make a stop at a regular stopping place, plaintiff's intestate alighted from the car and having crossed to the other side of the street was struck by defendant's truck and so seriously injured that he died in a few moments without recovering consciousness. The case was tried to a jury and a verdict for forty-five hundred dollars was rendered for plaintiff. Defendant filed a general motion for a new trial, and also excepted to certain parts of the charge to the jury, and refusals by the presiding Justice to give requested instructions. Exceptions overruled. Motion overruled.

The case is sufficiently stated in the opinion.

*Bradley, Linnell & Jones*, for plaintiff.

*Hinckley & Hinckley*, for defendant.

SITTING: CORNISH, C. J., SPEAR, DUNN, WILSON, DEASY, JJ.

DEASY, J. An automobile truck owned by the defendant and driven by its servant in the course of his employment ran into and caused the death of the plaintiff's intestate. This occurred on the Federal Road so called in the town of Cumberland on May 19th, 1921. At the place where the accident happened the electric trolley line follows the eastern side of the macadam road. A white post nearby marks a regular stopping place of the trolley cars.

The verdict was for the plaintiff. The defendant brings the case forward on motion and exceptions.

MOTION.

The evidence was conflicting, but the jury were warranted in finding and evidently did find the following to be facts:—

William S. Rent the plaintiff's intestate was a passenger on a southbound electric car. After the car had begun to slow down but while it was still moving at the rate of four miles an hour or more he jumped off on the west or street side. He stepped a few feet on to the macadam and stopped for an instant. He evidently saw the

defendant's truck which was then about seventy-five feet south of him. The truck was being driven northerly toward him at the rate of thirty-five or forty miles an hour. After a moment's hesitation he ran across the macadam and had reached the grass ground on the western side of the road when he was run into by the truck and fatally injured. The truck driver did not apply his brakes until after the accident had occurred. He swerved to the left until his left hand wheels were in the ditch. He says that he did this in an unsuccessful effort to avoid running into the plaintiff's intestate. For brevity we hereinafter refer to the defendant's servant, the driver of the truck, as the defendant.

The jury were abundantly justified in finding the defendant negligent. Not to speak of his failure to use his brakes his speed alone, as testified to by witnesses that the jury were entitled to believe, was sufficient to warrant such finding.

But it is apparent that the plaintiff also failed to exercise due care. Jumping from a moving trolley car is prima facie evidence of negligence. *Shannon* v. *R. R. Co.*, 78 Maine, 59. So also is crossing a street in front of an on-rushing automobile less than two seconds away. But the plaintiff's intestate had passed these perils. He had reached a point outside of and beyond the part of the road devoted to travel by vehicles. He was on the grass ground at the side of the road and undoubtedly for one fleeting instant, supposed that he was safe from pursuit by motor cars.

The defendant, however, says that in turning to the left to the very edge and beyond the edge of the macadam road he was doing the duty which the law enjoins upon him; that he was in a sudden and perilous emergency taking what he in good faith believed to be the last and only clear chance to save the plaintiff's intestate from consequences of his own negligence.

But assuming that his turning to the left and going outside the part of the road dedicated to vehicular travel may be thus justified, the defendant did not apply his brakes until after the collision. This is admitted. The defendant contends that the use of brakes would have been futile. The plaintiff claims otherwise and that even if there is doubt that the use of brakes would have been effectual, the victim was entitled to the benefit of the doubt. Moreover, the jury who saw and heard the defendant and his witnesses were not bound to accept his explanation of the accident. The jury may have deter-

mined that the accident was due to an attempt to make the curve in the road at reckless speed. They may have believed that the defendant showed by his conduct not solicitude for the safety of one traveller, but indifference to the safety of all.

The verdict is not manifestly erroneous.

EXCEPTIONS.

The plaintiff requested and the presiding Justice gave the following instructions:

"If you find that the defendant at the time of the accident was approaching a regular stopping place of an interurban electric railroad, with an approaching electric car in sight, which car was slowing down to make a stop at its stopping place, it was the duty of the defendant to so control its automobile that it could stop it, and to stop it, if necessary, to avoid injury to passengers alighting from the electric car."

The defendant's counsel concedes that this is a correct statement of abstract law. It is indeed a literal excerpt from the opinion of the court in the case of *Wetzler* v. *Gould*, 119 Maine, 279.

But at the trial he contended and now contends that as applied to the facts in the present case the instruction requested and given, without further explanation, is misleading.

But even if the instructions are misleading, or even erroneous, exceptions cannot be sustained unless it affirmatively appears that the excepting party has been thereby prejudiced. *Smith* v. *Booth Bros.*, 112 Maine, 304.

The defendant complains that the instruction unexplained may have misled the jury as to the duty of an automobile driver who sees that an approaching electric car is slowing down to make a stop. But the defendant emphatically denies that he saw the electric car slowing down. No explanation was necessary to adapt the instruction to the evidence.

To hold that the omission to explain was prejudicial and this exceptionable we must find that the jury not only misunderstood the law, but also disregarded the evidence.

We cannot assume that the jury went so far astray.

*Exceptions overruled.*
*Motion overruled.*